Per Curiam.

Petitioner Amtorg Trading Corporation appeals from an order determining that the U.S.S.R. Chamber of Commerce Foreign Trade Arbitration Commission, in Moscow, is disqualified to act as an arbitration board in the determination of a commercial controversy arising under a contract made in 1947, in which it was designated by the parties to act in that capacity. The arbitration proceeding has been directed to proceed before another arbitrator appointed by the court. The other contracting party, a Pennsylvania corporation, now asserts that when it signed this agreement designating the arbitration board, it was ignorant of the fact that the U.S.S.R. Chamber of Commerce Foreign Trade Arbitration Commission had been established by a decree of the Soviet Government, and was composed of persons designated by the Presidium of the All-Union Chamber of Commerce, which in turn is controlled by a governing body largely made up of representatives of various Soviet Government organs. Inasmuch as petitioner is beneficially owned by the Soviet Government, it is contended that an impartial arbitration cannot be had before such a body.
The difficulty with this contention is that, unlike judges under section 14 of the Judiciary Law, arbitrators are not disqualified on account of being interested in the result, if that circumstance has been disclosed to the adversary. Although “ the courts *533 closely scrutinize the action of an arbitrator whose relation to one of the parties was such as to naturally influence the judgment even of an honest man ’ ’, such relationship does not necessarily preclude the arbitrator from acting (Sweet v. Morrison, 116 N. Y. 19, 27). In this instance, although respondent may not have known in detail how the U.S.S.R. Chamber of Commerce Foreign Trade Arbitration Commission was constituted, it is chargeable with notice as recently as 1947 that such an organization could not function in the U.S.S.R. unless it were subject to over-all control by the Soviet Government. Having entered into such an arbitration agreement, it does not lie in respondent’s mouth at this point to declare that it was ignorant of this matter of common knowledge. No fraud or deception has been shown on the part of Amtorg inducing respondent to agree to the designation of this board of arbitration. The interrelation between organizations in Russia and the Soviet State is so open and notorious that no businessman dealing with Amtorg in 1947 could have been unaware of it.
The order appealed from should be modified so as to substitute the arbitration body specifically agreed upon by the parties in their contract, viz., the TJ.S.S.R. Chamber of Commerce Foreign Trade Arbitration Commission, in place of the arbitrator named in the order, and, as so modified, the order appealed from should be affirmed, with $20 costs and printing disbursements, without prejudice to a renewal of the application in event that visas are not obtainable or if for other reasons it becomes impossible or impracticable to conduct this arbitration in Moscow, U.S.S.R.